**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Javier Aldrete, II, | No. CV-17-01769-PHX-DGC (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Francisco Aldrete, who was then-confined in a Maricopa County Jail, filed this action on June 7, 2017.[1] (Doc. 1.) Aldrete's claims arose on June 11, 2015, when he was in Maricopa County Sheriff's Office custody and was appearing in Maricopa County Superior Mental Health Court. (Doc. 1 at 4.) Plaintiff alleges that after exiting the courtroom, the escorting officer became verbally and physically aggressive, and then members of a Special Response Team, who were escorting a different detainee, joined in and physically assaulted Plaintiff. (*Id.*) Plaintiff states that he was shackled and restrained and did not threaten anyone's safety. He was slammed to the floor, and Defendant jumped on his back and kneed him in the neck, causing a laceration and other injuries. (*Id.* at 4–6.)

In September 2018, Defendant filed a Motion for Summary Judgment. (Doc. 40.) The Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), which informed Plaintiff of his obligation to respond to the

---

[1] Plaintiff was later confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona.

Motion and the requirements under Federal Rule of Civil Procedure 56. (Doc. 43.) Plaintiff sought a stay of all deadlines until November or December 2019, when he expected to be released from custody. The Court denied the stay, but Plaintiff did not respond to the motion. On March 5, 2019, the Court denied Defendant's motion. (Doc. 48.)

Plaintiff has not filed anything in this matter since May 2019. (Doc. 65.) Further, it appears from the Arizona Department of Corrections website that Plaintiff was released from custody on October 31, 2019.[2] Thus, Plaintiff appears to have abandoned his claim against Defendant in this action.

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Instructions for a Prisoner Filing a Civil Rights Complaint at 2.)

Plaintiff has a general duty to prosecute his case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). It is the duty of a Plaintiff who has filed a pro se action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)

---

[2] *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by inmate number for "167479") (last visited Dec. 6, 2019).

- 2 -

appears to require a motion from a party. Moreover, in appropriate circumstances the Court may dismiss a complaint or petition for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's failure to participate in this case and to keep the Court informed of his address prevents the case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted . . . would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b).

1     **IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

Dated this 10th day of December, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge